IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CR-49-1H
No. 4:19-CV-00070-H

| | |
|---|---|
| JAMES LEROY EVERETTE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

In his motion to vacate under 28 U.S.C. § 2255 ("§ 2255 Motion"), [D.E. 80], Petitioner claims that in light of the Supreme Court's decision in Johnson v. United States, 152 S. Ct. 2551 (2015), Hobbs Act robbery no longer qualifies as a "crime of violence" and therefore could not serve as a predicate for his firearm conviction (and resulting consecutive sentence) under 18 U.S.C. § 924(c). However, the predicate offense for Petitioner's firearm conviction remains a "crime of violence" and, thus, his § 924(c) conviction remains valid. Additionally, Petitioner procedurally defaulted on his § 2255 claim. Accordingly, Petitioner fails to state a claim upon which relief can be granted, and his § 2255 motion must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

BACKGROUND

On October 3, 2017, Petitioner was charged by way of indictment with (1) Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2 (Count One); (2) using and carrying a firearm during and in relation to a crime of violence as charged in Count One and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two); (3) Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2; (4) using and carrying a firearm during and in relation to a crime of violence as charged in Count Three and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four); (5) Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2 (Count Five). [D.E. 1].

On January 11, 2018, Defendant pled guilty, pursuant to a written plea agreement, to Counts One, Two, Three and Five. [D.E. 32, 37]. On May 8, 2018, the Court sentenced Petitioner to 134 months' imprisonment (50 months as to Counts 1, 3 and 5 to run concurrently and 84 months as to Count 2, to run consecutively for a total term of 134 months) - 3 years supervised release with special conditions (3 years as to each of Counts 1, 2, 3 and 5, all to run concurrently). [D.E. 67]. Petitioner did not appeal.

On May 9, 2019, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. [D.E. 80]. On October 24, 2019, the Court denied Respondent's Motion to Stay, and ordered Respondent to answer or otherwise respond to Petitioner's 2255 Motion.

ARGUMENT

A. Standard of Review

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [Petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Petitioner's allegations must "plausibly establish[] the elements of his asserted cause of action." *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 146 (4th Cir. 2014).

B. Discussion

1. Petitioner's claim that his § 924(c) conviction should be vacated is without merit.

Petitioner's motion must be denied and dismissed because the predicate offense for his § 924(c) conviction (Count Two) was a substantive count of Hobbs Act robbery (Count One), which is a crime of violence under Subsection A, the elements or force clause, of § 924(c). 18 U.S.C. § 924(c) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

While the Fourth Circuit in *Simms* and *Walker*, and the Supreme Court, more recently, in *United States v. Davis*, 139 S. Ct. 2319 (2019) determined that the

residual clause of 18 U.S.C. § 924(c), Subsection B, is unconstitutional, these holdings do not impact Petitioner's convictions because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, Subsection A, which remains valid. The Fourth Circuit recently held as much in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) ("we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Therefore, Petitioner's assertion that his Hobbs Act robbery conviction is not a crime of violence is without merit, and the Court should deny and dismiss Petitioner's motion to vacate.

>   2. Petitioner also procedurally defaulted on his § 2255 claim that his § 924(c) conviction should be vacated.

As a general rule "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Petitioner does not allege, nor can he establish, that he challenged the constitutionality of the residual clause definition of a crime of violence under § 924(c)(3)(B) to this Court or on appeal to the Fourth Circuit. Accordingly, he has procedurally defaulted on this issue. *See Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted).

4

To overcome procedural default, Petitioner must show both "cause" for the default and "actual prejudice" from the asserted *Davis* error, or that he is actually innocent. *Bousley*, 523 U.S. at 622. He cannot do either here.

While a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default, *Reed v. Ross*, 468 U.S. 1, 16 (1984), "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Engle v. Isaac*, 456 U.S. 107, 130, n. 35 (1982). In determining whether a claim is "novel" for purposes of establishing cause for a procedural default, the relevant inquiry is not "whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986).

Petitioner clearly had all of "the tools to construct" a constitutional vagueness challenge to Section 924(c)(3)(B) before *Dimaya*, *Davis*, and *Simms*. *Engle*, 456 U.S. at 133. The foundational principle undergirding *Dimaya*, *Davis*, and *Simms*—that vague criminal laws violate due process and are unconstitutional—has been on the books for nearly a century. *See, e.g.*, *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). Given this landscape, a vagueness challenge to Section 924(c)(3)(B), while perhaps unexpected before *Dimaya*, Davis, or *Simms*, nonetheless was not "novel." *See, e.g.*, *Dugger v. Adams*, 489 U.S. 401, 409-410 (1989) (finding that a claim was not novel where "the legal basis for a challenge was plainly available"); *Frizzell v. Hopkins*, 87 F.3d 1019, 1021 (8th Cir. 1996) ("If the tools were available for a

5

petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier.") (citation and internal quotation marks omitted); *see also United States v. Smith*, 241 F.3d 546, 548-549 (7th Cir. 2001) (holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not novel because "the foundation for *Apprendi*" existed long before the decision itself was announced). Further, while a challenge to the constitutionality of the residual clause definition of a crime of violence in § 924(c)(3)(B) may have been futile in the sense he would not have succeeded on the merits, the Supreme Court, in *Engle*, has specifically ruled that is insufficient to establish cause to excuse a procedural default. *Engle*, 456 U.S. at 130, n. 35. Petitioner does not allege any other grounds that could otherwise constitute "cause" in his petition. Accordingly, Petitioner cannot escape his procedural default where he cannot establish futility or cause for that default.

Petitioner also cannot show "actual innocence." The "actual innocence" exception requires Petitioner to show that it was "more likely than not that no reasonable juror would have convicted him" had the district court correctly instructed the jury and given the government the opportunity to adduce evidence of the omitted element. *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. *Schlup*, 513 U.S. at 329. For the reasons discussed above, Petitioner cannot establish he is

actually innocent. Indeed, the Fourth Circuit has already held that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s force clause. *See Mathis*, supra. Since Petitioner cannot establish he is actually innocent of his § 924(c) conviction, he cannot overcome his procedural default of this issue. Accordingly, his § 2255 petition should be dismissed.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 fails to state a claim, and his motion must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted, this 7th day of November, 2019.

                                                        ROBERT J. HIGDON, JR.
                                                        United States Attorney

                                                        By: /s/ Joshua B. Royster
                                                        JOSHUA B. ROYSTER
                                                        Assistant United States Attorney
                                                        150 Fayetteville Street
                                                        Suite 2100
                                                        Raleigh, NC 27601
                                                        Telephone: (919) 856-4530
                                                        Email: joshua.royster@usdoj.gov
                                                        N.C. Bar # 28785
                                                        Attorney for Respondent

CERTIFICATE OF SERVICE

I do hereby certify that I have this 7th day of November, 2019, served a copy of the foregoing upon the below-listed counsel for Petitioner via CM/ECF:

Sherri R. Alspaugh
Counsel for Petitioner

/s/ Joshua B. Royster
JOSHUA B. ROYSTER
Assistant United States Attorney